**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENHANCED DATA STREAMING LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-01038-JRG |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff Enhanced Data Streaming LLC's First Amended Complaint for Indirect and Willful Infringement Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") filed by Defendant Cisco Systems, Inc. ("Defendant," or "Cisco"). (Dkt. No. 26.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

## I.    BACKGROUND

Plaintiff Enhanced Data Streaming LLC ("Plaintiff," or "EDS") filed the above-captioned case against Cisco on October 10, 2025. (Dkt. No. 1.) The initial Complaint asserted infringement of five patents: U.S. Patent Nos. 9,185,151 (which reissued on April 22, 2025 as RE50,398, the "'398 Patent"); 6,891,855 (the "'855 Patent"); 7,336,605 (the "'605 Patent"); 7,660,234 (the "'234 Patent"); and 7,032,135 (the "'135 Patent"). (*Id*. at ¶¶ 10-14.) Cisco moved to dismiss EDS's claims of indirect and willful infringement from the initial Complaint on December 19, 2025. (Dkt. No. 17.) EDS responded by filing its First Amended Complaint ("FAC") on January 16, 2026, asserting infringement of the save five patents. (Dkt. No. 22.) Cisco then filed the instant Motion,

again seeking to dismiss EDS's claims of indirect and willful infringement in the FAC, on January 30, 2026.

## II.    LEGAL AUTHORITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). However, the Court should "not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted).

## III.    ANALYSIS

In the Motion, Cisco seeks to dismiss: (1) EDS's allegations of pre-suit willful and indirect infringement on the basis that the FAC does not sufficiently plead pre-suit knowledge, and (2) EDS's allegations of post-suit induced infringement on the basis that the FAC does not sufficiently plead specific intent. (*See generally* Dkt. No. 26.) Each argument is addressed below.

### A.  Pre-Suit Knowledge: Pre-Suit Willful and Indirect Infringement

Both pre-suit willful and indirect infringement require a showing that the defendant knew of the purported infringement of the asserted patents prior to the filing of the complaint. *See, e.g., Longhorn Auto Grp. LLC v. Hyundai Motor Co.*, 2025 WL 2778462, at *2-3 (E.D. Tex. Sept. 26, 2025). Cisco asserts that the FAC's claims for pre-suit indirect and willful infringement must be dismissed because "EDS has pled no facts supporting a finding that Cisco actually knew of the Asserted Patents—let alone their purported infringement—before receiving the Complaint." (Dkt. No. at 8.)

Cisco asserts that the March 20, 2017 letter from Orckit, IP LLC (the previous owner of the patents-in-suit) to Cisco (the "March 2017 Letter"), which the FAC relies on to establish pre-suit knowledge, is insufficient because it "does not reference any Asserted Patent." (*Id.*) However, the FAC does not rely exclusively on the March 2017 Letter. The FAC asserts that "[o]n information and belief, the [March 2017 Letter] was sent to Cisco with a 'Schedule of Orckit IP's Patent Portfolio' attached thereto as an enclosure expressly listing the Patents-in-Suit, as well as of the '151 Patent that reissued as the '398 Patent." (Dkt. No. 22 at ¶ 24.) The March 2017 Letter itself states that "an informal schedule of Orckit IP's patent portfolio" was enclosed alongside the letter and includes "Schedule of Orckit IP's Patent Portfolio" in its list of enclosures. (Dkt. No. 22-7 at 3.)

While the allegedly enclosed schedule was not included in the FAC, the Court must take these well-pled factual allegations as true. This Court has previously established that a plaintiff can successfully plead that a defendant was "on notice of its patents" through allegations that it "sent [] notice letters listing all of [a plaintiff's] patents and identifying certain [of defendant's] products [a plaintiff] believed infringed." *Fractus, S.A. v. TCL Corp.*, 2021 WL 2483155, at *4

3

(E.D. Tex. June 2, 2021). Given that the March 2017 Letter identified specific Cisco products accused of infringement in this case (*see* Dkt. No. 22-7; Dkt. No. 32 at 9), the Court finds that EDS has met this standard. Accordingly, EDS has successfully pled pre-suit knowledge of the patents-in-suit sufficient to maintain its claims of pre-suit willful and indirect infringement.[1]

### B.  Specific Intent: Post-Suit Induced Infringement

To state a claim for induced infringement, a plaintiff must show "that the defendant specifically intended for its customers to infringe the asserted patents; it is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe. *Stragent, LLC v. BMW of N. Am., LLC*, 2017 WL 2821697, at *3 (E.D. Tex. Mar. 3, 2017) (citing *Global-Tech Appliances, Inc. v. SEC S.A.*, 563 U.S. 754, 766 (2011)). Cisco asserts that EDS's post-suit induced infringement claims fail "because EDS did not plausibly plead Cisco's specific intent to induce infringement." (Dkt. No. 26 at 14.)

The FAC identifies, for each patent-in-suit, specific configuration guides and provides descriptions of how these guides give instructions to end-users to infringe the asserted patents. For example, for the '398 patent, the FAC states: "[O]n at least pages 16-18 of the IP Multicast: Multicast Services Configuration Guide, Cisco IOS XE Release 3S, Defendant directs customers and end-users to enter commands on an Accused Cisco Router, such as the Cisco ASR 1000 Series Aggregation Services Router, running the multicast service reflection application. Running the multicast service reflection application on an Accused Cisco Router converts one single appliance

---

[1] Cisco also asserts that EDS's allegations of constructive notice due to willful blindness are "legally insufficient." (Dkt. No. 26 at 12.) The Court also finds that EDS's allegations of willful blindness are sufficient, in light of the FAC's pleadings that Cisco received the March 2017 Letter (putting Cisco on notice of potential infringement) and that "on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees not to view the patents of others." (Dkt. No. 22 at ¶ 24, 40.) As this Court has held previously, "[a]t the pleadings stage, the Court must accept as true [a plaintiff's] allegation that [a defendant] has such a policy." *Motiva Pats. LLC v. Sony Corp.*, 408 F. Supp. 3d at 833-34 (citing *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)).

specific version of the requested media stream from multicast to unicast, which directly infringes the '398 Patent." (Dkt. No. 22 at ¶ 41.) The FAC includes similarly detailed allegations for each of the other four patents-in-suit. (*Id.* at ¶¶ 61, 78, 97, and 115.)

Courts in this District have previously held that a plaintiff makes a plausible showing that discovery will reveal evidence of induced infringement—sufficient to overcome a motion to dismiss—where the plaintiff identifies "specific classes of information" and "allege[s] that those classes of evidence contain instructions on how to infringe." *Motiva Pats.*, 408 F. Supp. 3d at 831. EDS has met this standard. Its detailed allegations provide clear descriptions to both Cisco and the Court regarding what EDS expects discovery to reveal: that these alleged configuration guides provide instructions to customers which induce infringement of each of the patents-in-suit. To require more would force EDS to prove its case at the pleading stage, greatly exceeding the applicable standard. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) ("There is no requirement for [a patentee] to prove its case at the pleading stage") (internal citation omitted).

## IV.    CONCLUSION

For the reasons stated herein, Cisco's Motion to Dismiss (Dkt. No. 26) is **DENIED**.

**So ORDERED and SIGNED this 2nd day of June, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

5